IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRUCE G. THOMAS,**

      **Petitioner,**

v.                                   **CIVIL ACTION NO. 1:05CV46**
                                               **(Judge Keeley)**

**THOMAS McBRIDE, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. INTRODUCTION

On March 15, 2004, Bruce G. Thomas [hereinafter referred to as "Thomas"] filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, along with a Motion to hold the petition in abeyance pending a second state application for habeas corpus relief. By order entered May 27, 2005, the undersigned ordered the respondent, Thomas McBride (hereinafter referred to as "McBride"] to show cause, if any, why the Motion for Abeyance should not be granted under <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528 (2005). On June 24, 2005, McBride filed Response to Motion for Abeyance and Motion to Dismiss Petition. On July 7, 2005, Thomas filed Petitioner's Notice and Traverse in Reply to Respondent's Response to Motion for Abeyance and Motion to Dismiss Petition as Untimely. On July 15, 2005, McBride filed his Reply to Petitioner's Response. Finally, on July 25, 2005, Thomas filed Petitioner's Response to Respondent's Reply to Petitioner's Traverse.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

## II. FACTS

### A. Conviction

Following a jury trial conducted in May 1984 in Monongalia County, Thomas was found guilty of murder in the first degree. On May 25, 1984, Thomas was sentenced to life imprisonment, said sentence to run consecutive to a sentence imposed in Pennsylvania for a kidnaping conviction arising out of the same circumstances. On January 8, 1985, Thomas, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals. By order dated March 5, 1985, his petition for appeal was refused.

### B. State Habeas Corpus

Thomas, by counsel, filed a writ of habeas corpus and checklist of grounds for post conviction habeas corpus relief in the Circuit Court of Monongalia County on November 3, 1997. By order entered July 31, 2003, the Circuit Court denied the petition. On February 5, 2004, Thomas, by counsel, appealed the circuit court's denial of habeas relief to the West Virginia Supreme Court of Appeals. The Supreme Court refused the petition on May 6, 2004.

In addition to filing a petition for writ of habeas corpus in circuit court, Thomas filed a *pro se* petition for habeas corpus on September 10, 2004, under the original jurisdiction of the West Virginia Supreme Court of Appeals. That petition was refused by order entered on November 30, 2004.

On March 14, 2005, Thomas filed a second petition for post-conviction habeas corpus relief in the Circuit Court of Monongalia County. The circuit court denied the petition by orders

entered June 1, 2005 and June 22, 2005.  Thomas has appealed the circuit court's denial of habeas relief to the West Virginia Supreme Court, which has yet to issue a decision.

### C.  Federal Habeas Corpus

**Thomas' Contentions**

    (1)    Denial of effective assistance of trial counsel.

    (2)    Denial of effective assistance of habeas counsel.

**McBride's Contentions**

    (1)    The petition is untimely because the one year limitation period began to run on April 25, 1996, and Thomas did not file his first petition for habeas relief until November 3, 1997.

**Thomas' Reply**

    (1)    His first state habeas petition was filed on September 14, 1992, and the one year limitation period did not begin to run until May 6, 2004, the date the West Virginia Supreme Court denied his appeal of the circuit court's denial of habeas relief. Therefore, his federal habeas corpus petition is timely.

### D.  Recommendation

As discussed below, it is recommend that Thomas' petition be denied as untimely and that McBride's Motion to Dismiss be granted.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Thomas does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which Thomas' judgment became final is relevant in determining the statute of limitations.

According to the Fourth Circuit Court of Appeals, the time for seeking direct review of a state court conviction concludes when either the period for filing of a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Harris, 209 F.3d at 328. Thomas' direct appeal was refused on March 5, 1985, and he had 90 days to seek review of his conviction by the United States Supreme Court. See United States Supreme Court Rules 13.1; Harris, *supra* at 328. Because Thomas did not file a petition for writ of

4

certiorari, his conviction became final on June 3, 1985, the date the time expired for him to file a petition for writ of certiorari.

The Court of Appeals for the Fourth Circuit has held that "a prisoner whose statutory right to seek federal habeas corpus relief accrued prior to the enactment of the ADEPA must receive a reasonable period of time after the statute's effective date to file his petition." Brown v. Angelone, 150 F.3d 370, 374 (4th Cir. 1998). The Court has determined that a reasonable period of time is one year from the effective date of the AEDPA to challenge a conviction which became final prior to April 24, 1996. *Id.* at 375. Therefore, because Thomas' conviction became final prior to April 24, 1996, his one year limitation period began to run on April 25, 1996[1], and absent a tolling event, the last date on which he could have filed a timely federal habeas corpus petition under the statute was April 24, 1997. As Thomas filed his petition under 28 U.S.C. §2254 on March 15, 2005, nearly eight years after the date on which he could timely file, it is clearly outside the limitation period.

Thomas argues that his federal petition is timely because he filed an application for state post-conviction relief on September 14, 1992[2] in the Circuit Court of Monongalia County, and said application was pending until the West Virginia Supreme Court denied his appeal on May 6, 2004. He contends, therefore, that he had until approximately May 6, 2005 to file his federal petition.

---

[1] Fed. R. Civ. P 6(a) provides that "[i]n computing any period of time prescribed or allowed by...any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."

[2] Although Thomas consistently refers to the date of September 14, 1992, the file stamp from the Circuit Clerk reflects the date of September 14, 1993.

5

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Therefore, if Thomas properly had filed a state application for post-conviction review on September 14, 1993, the limitation period would have been tolled, and the date by which he could timely file his federal petition would have extended through at least May 6, 2005. However, the paperwork Thomas filed in the Circuit Court on September 14, 1993 did not meet the statutory requirements for filing State habeas corpus petitions. Indeed, by order entered September 14, 1993, Larry Starcher, Circuit Judge for Monongalia County found:

> Bruce Thomas has not complied with the statutory scheme contained in W.Va. Code §53-4A-1 et seq. Specifically, he has not tendered a petition of any sort setting forth grounds for relief or specifying the relief thought to be justified. Instead, he has merely requested appointment of counsel to assist him in initiating a post-conviction habeas corpus petition. With particular reference to W.Va. Code § 53-4A-2 and 4, the Court notes that this manner of proceeding is not contemplated by the procedures set forth in those sections.
>
> Nevertheless, to expedite the proceedings which the Court foresees as inevitable the Court will GRANT the Petitioner's request for appointment of counsel to assist in determining if he has colorable grounds for relief in habeas corpus...

Accordingly, Thomas did not have a properly filed application for State post-conviction or other collateral review until his court-appointed lawyer filed his habeas corpus petition and completed checklist of grounds in the Circuit Court of Monongalia County on November 3, 1997, where it was docked and assigned a civil action number. Because the one year limitation period

was not tolled pursuant to 28 U.S.C. § 2244(d)(2), Thomas' grace period for seeking federal habeas relief expired on April 24, 1997, and his present federal petition, filed on March 15, 2005, is untimely.

## IV.  RECOMMENDATION

It is recommended that McBride's motion to dismiss be GRANTED and the petition of Thomas filed pursuant to 28 U.S.C. §2254 be DENIED and DISMISSED WITH PREJUDICE because it is untimely.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene Keeley, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to Thomas and the Attorney General for the State of West Virginia.

Dated: December 2, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**