IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE G. THOMAS,

    Petitioner,

v.

                              CIVIL ACTION NO. 1:05CV46
                                    (Judge Keeley)

THOMAS McBRIDE, Warden,

    Respondent.

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2254 PETITION

This case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Standing Order. After reviewing the petition filed pursuant to 28 U.S.C. §2254, Magistrate Judge Kaull filed a report and recommendation on December 2, 2005, following which, on December 13, 2005, the petitioner timely filed objections.

The Court, after reviewing the record before it and conducting a *de novo* review of all matters before the magistrate judge in considering the petition, concludes that the petition should be dismissed as untimely.

### I. PROCEDURAL HISTORY

On March 15, 2005, Bruce G. Thomas ("Thomas"), a state inmate at Mt. Olive Correctional Complex, filed a petition under 28 U.S.C. §2254 for writ of habeas corpus by a person in state custody. Also on March 15, 2005, Thomas filed "Petitioner's Motion To Hold Petition, Under 28 U.S.C. §2254 For Writ of Habeas Corpus By A

**THOMAS v. MCBRIDE**  1:05CV46

### ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2254 PETITION

Person In State Custody, In Abeyance Pending Second State Application For Writ Of Habeas Corpus," requesting that the Court stay its review of his petition while the Circuit Court of Monongalia County, West Virginia, considered his second state application for habeas relief. On May 27, 2005, Magistrate Judge Kaull ordered the respondent to show cause why Thomas's motion for abeyance should not be granted.

On June 24, 2005, the respondent filed his "Response to Motion for Abeyance and Motion to Dismiss Petition as Untimely," stating that an abeyance is not needed in this matter because Thomas's §2254 petition is untimely and should be dismissed. On July 7, 2005, Thomas filed "Petitioner's Notice and Traverse in Reply to Respondent's Response to Motion for Abeyance, and Motion to Dismiss Petition as Untimely," stating that he filed his initial state petition for writ of habeas corpus on September 14, 1992 and contending that the one-year limitations period set forth in 28 U.S.C. §2244 did not begin to run until the circuit court ruled on that petition on May 6, 2005. He, therefore, contended that his §2254 petition is timely because he filed the petition on March 15, 2005, nearly two months before the one-year limitations period had run.

**THOMAS v. MCBRIDE**                                                    **1:05CV46**

## ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
## RECOMMENDATION AND DISMISSING §2254 PETITION

On July 15, 2005, the respondent filed its reply to Thomas's response, asserting that the circuit court's docket reflects that Thomas filed an "Application and Motion for Appointment of Counsel" and a blank "Checklist of Grounds for Post Conviction Habeas Corpus Relief" on September 14, 1993, but that this paperwork was not a "properly filed" habeas corpus petition which would toll the one-year limitations period. Specifically, he stated that the circuit court entered an Order finding that Thomas did not submit a petition setting forth grounds for relief or specifying any relief sought, but instead requested only an appointment of counsel to assist him in initiating a post-conviction habeas corpus petition. The respondent asserted that Thomas did not have a "properly filed" application for state post-conviction or other collateral review until his court-appointed counsel filed his habeas petition and completed the "Checklist of Grounds for Post Conviction Habeas Corpus Relief" in the Circuit Court of Monongalia County on November 3, 1997. He, therefore, asserted that because Thomas did not have a "properly filed" application for state post-conviction or other collateral review pending on the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year limitations period was not tolled, resulting in Thomas's §2254 petition being filed nearly eight years too late.

On July 25, 2005, Thomas filed a response to this reply, asserting that the Court ordered his application for post-conviction relief to be filed on September 14, 1993, and that the circuit court only criticized the form of the application and not the procedure followed in filing the petition. He also asserted that the circuit court's Order was incorrect in stating that he did not offer any grounds for relief because he stated in his "Application and Motion for Appointment of Counsel" that an incomplete alibi instruction was given at his trial which, according to Thomas, resulted in a denial of due process of law and a fair trial. Thomas stated that because it provided him with counsel to pursue his state petition, the circuit court had to have reviewed his allegations and determined that sufficient grounds existed to support a petition for writ of habeas corpus. Finally, Thomas argued that even if the Court were to determine that his application was not properly filed on September 14, 1993, he had put the circuit court on notice of his intention to pursue a habeas petition, and, therefore, enforcing the limitations period would result in "gross injustice."

On December 2, 2005, Magistrate Judge Kaull recommended that the respondent's motion to dismiss be granted and Thomas's petition be dismissed with prejudice. In doing so, he relied on the Order

entered by the circuit court on September 14, 1993, and concluded that Thomas did not properly file an application for a state post-conviction review until his court-appointed lawyer filed a habeas petition on his behalf on November 3, 1997. He, therefore, found that Thomas' grace period for seeking federal habeas relief expired on April 24, 1997 and that his §2254 petition, filed on March 15, 2005, was untimely.

On December 13, 2005, Thomas filed timely objections to this recommendation in which he contended that his September 14, 1993 application for post-conviction relief met all the requirements of West Virginia Code Section 53-4A-1 despite the Order entered by the circuit court that stated his petition did not meet such requirements. Thomas also asserted that the circuit court had ordered his application to be filed and had made a determination on the request asserted by him in the application. Accordingly, as he reasoned, his application for post-conviction relief thus had been properly filed with the circuit court.

Thomas also argued that if this Court concludes that his state petition was not properly filed, the principles of equitable tolling should apply to his case because he diligently pursued his rights and an extraordinary circumstance prevented him from filing his 2254 petition within the one-year limitations period. Thomas

specifically stated that he detrimentally relied on what, in his opinion, was the circuit court's departure from the state rules and procedure in allowing approximately 50 months to elapse between the filing of his application on September 14, 1993 and the filing of his petition on November 3, 1997. Finally, Thomas stated that the magistrate judge failed to rule on his motion for abeyance and incorrectly stated that one of his allegations in his §2254 petition was denial of effective assistance of habeas counsel[1].

## II. Factual Background

In order to calculate whether Thomas's petition should be dismissed for failure to file within the applicable period of limitation, the following procedural history is relevant:

- On May 25, 1984, Thomas was convicted in the Circuit Court of Monongalia County of first degree murder and was sentenced to life imprisonment.

- On January 8, 1985, Thomas, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals.

- On March 5, 1985, West Virginia Supreme Court of Appeals refused the appeal.

---

[1] Although in his report and recommendation the magistrate judge may have mistakenly stated that the plaintiff had asserted an ineffective assistance of habeas counsel claim, this does not affect the accuracy of Magistrate Judge Kaull's review of Thomas's petition and his recommendation to dismiss such complaint with prejudice because the magistrate judge found that Thomas's petition was barred by the statute of limitations and did not need to address the substantive issues raised in the petitioner's petition for writ of habeas corpus or his motion for abeyance.

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION AND DISMISSING THIS CIVIL ACTION**

- On June 3, 1985, the 90 days elapsed in which the petitioner could file a writ of certiorari to the United States Supreme Court to seek review of the Supreme Court of Appeals of West Virginia's refusal to hear the appeal that he filed in January 1985.

- On September 14, 1993, the petitioner filed an "Application and Motion for the Appointment of Counsel" in the Circuit Court of Monongalia County, West Virginia.

- Also on September 14, 1993, the circuit court entered an Order granting the petitioner's request for appointment of counsel to assist in determining if he had colorable grounds for relief in habeas corpus.

- On November 3, 1997, Thomas, by court-appointed counsel, filed a petition for writ of habeas corpus and a checklist of grounds for post conviction habeas corpus relief in the Circuit Court of Monongalia County.

- On July 31, 2003, the Circuit Court denied Thomas's state petition for writ of habeas corpus.

- On February 5, 2004, Thomas appealed the circuit court's denial of his state petition for a writ of habeas corpus to the Supreme Court of Appeals of West Virginia.

- On May 6, 2004, the Supreme Court of Appeals of West Virginia refused Thomas's petition for appeal on the denial of his state petition for a writ of habeas corpus.

- On September 10, 2004, Thomas filed a pro se petition for habeas corpus under the original jurisdiction of the West Virginia Supreme Court of Appeals.

- On November 30, 2004, the West Virginia Supreme Court of Appeals refused his petition for habeas corpus.

- On March 14, 2005, the petitioner filed a second application for post-conviction habeas corpus relief in the Circuit Court of Monongalia County, West Virginia.

- On March 15, 2005, Thomas filed his federal petition for a writ of habeas corpus.

### III. DISCUSSION

The issue before the Court is whether the petitioner's federal habeas petition is barred by the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1). If the petition is barred by the statute of limitations, the Court need not address the substantive issues raised in the petitioner's Writ of Habeas Corpus or his motion for abeyance.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. 2244(d), provides the following:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing any such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA does not apply to habeas cases that were pending on the AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Thus, it applies only to habeas cases filed after the date of the Act. Id. at 327. The AEDPA applies to the present case because Thomas's federal habeas petition was filed on March 15, 2005.

Thomas does not attempt to show any impediment by the government that would have prevented him from filing his federal petition at an earlier date, and Thomas's claims are based on facts that would have been known to him at the conclusion of his sentencing in May, 1984, and upon the refusal of his direct appeal by the West Virginia Supreme Court of Appeals in March, 1985. Furthermore, his claims do not involve any rights newly-recognized by the Supreme Court. Therefore, the date on which the petitioner's conviction became final is established pursuant to subsection (A) of section 2244(d)(1).

### ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
### RECOMMENDATION AND DISMISSING THIS CIVIL ACTION

In Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit Court of Appeals provided guidance on the applicability of the AEDPA's one-year limitations period to federal habeas petitions. In Harris, the Fourth Circuit recognized that the time period for seeking direct review of a state court conviction concludes when either the period for filing a writ of certiorari in the United States Supreme Court expires or such writ is denied by the United States Supreme Court. Id. at 328. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so – 90 days – has elapsed Id. at 328 n.1.

The Fourth Circuit also has held that a prisoner whose statutory right to seek federal habeas corpus relief accrued prior to the ADEPA's effective date must receive a reasonable period of time after the effective date to file his petition. Brown v. Angelone, 150 F.3d 370, 374 (4th Cir. 1998). The court held that a prisoner whose judgment became final before April 24, 1996 has one year from the effective date of the AEDPA to challenge his conviction. Id. at 375.

Accordingly, Magistrate Judge Kaull did not err in finding that Thomas's judgment became final on June 3, 1985, 90 days after the West Virginia Supreme Court's refused to hear Thomas's direct

appeal. Thomas's conviction, thus, became final over ten years prior to the effective date of the AEDPA, and, therefore, the one-year limitations period for his federal habeas petition began to run on April 25, 1996. Absent any tolling event, Thomas's one-year limitation period expired on April 24, 1997, resulting in the untimeliness of his §2254 petition filed on March 15, 2005.

The Fourth Circuit has held that "the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." Harris v. Hutchinson, 209 F.3d at 327. Specifically, 28 U.S.C. §2244(d)(2) states:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added). An application is "properly filed" when its delivery and acceptance are in compliance with the laws and rules governing the filing. Artuz v. Bennett, 531 U.S. 4, 9 (2000). These laws and rules generally prescribe the *form* of the document, the time limits in which the document must be filed, the court and office in which the document must be filed, and the requisite filing fee for the document. Id.

**THOMAS v. MCBRIDE**                                              **1:05CV46**

### ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND
### RECOMMENDATION AND DISMISSING THIS CIVIL ACTION

In his objections to Magistrate Judge Kaull's report and recommendation, Thomas stated that he properly filed a state application for post-conviction review on September 14, 1993, and, therefore, the one-year limitations period would have been tolled on April 25, 1996 and would not have begun to run until his petition was denied by the circuit court on May 6, 2005.

On September 14, 1993, Thomas filed an "Application and Motion for the Appointment of Counsel," requesting that an attorney be appointed to assist him in filing a formal petition for writ of habeas corpus. Thomas failed to affirmatively assert any specific grounds on which he based his application or to request any relief provided for by the West Virginia Post-Conviction Habeas Corpus Act, W.Va. Code §53-4A-1, et seq. In his application, Thomas stated only that he believed he had colorable grounds for relief. He specifically stated that he believed an incomplete alibi instruction was given as his trial which, in his opinion, resulted in a denial of his right to due process of law and his right to a fair trial. However, Thomas failed to complete and execute the "Checklist of Grounds for Post Conviction Habeas Corpus Relief" attached to his application and motion. In his motion, Thomas stated that he was unable to prepare and file a formal petition for writ of habeas corpus because he did not have an attorney to assist

12

him in obtaining the appropriate court documents and requested that the circuit court appoint counsel to assist him in filing such a petition.

Despite Thomas's assertion that his September 14, 2003 application met the requirements of W.Va. Code §53-4A-2, the circuit court specifically stated in its September 14, 1993 Order that the manner in which Thomas was proceeding before the Court was not contemplated by W.Va. Code §53-4A-2 and 4.

W.Va. Code §53-4A-2 specifically states:

> A petition seeking a writ of habeas corpus ad subjiciendum in accordance with the provisions of this article shall identify the proceedings in which the petitioner was convicted and sentenced, give the date of the entry of the judgment and sentence complained of, specifically set forth the contention or contentions and grounds in fact or law in support thereof upon which the petition is based, and clearly state the relief desired.

Thomas's September 14, 1993 application did not contain the basic information required by W.Va. Code §53-4A-2 to be provided in a state petition seeking writ of habeas corpus. Specifically, Thomas did not provide any specific background information concerning the judgment and sentence which he alleged were entered in error. Furthermore, he did not affirmatively assert specific claims or seek specific relief in his November 14, 1993 filing. Rather, Thomas merely indicated that he <u>believed</u> he had colorable grounds

for a habeas petition and sought an appointment of counsel from the Court to assist him in filing a formal petition in which to assert such claims. Thomas asserts that an evaluation of the contents of his application is an evaluation of the merits of his claims, which is separate evaluation from whether his petition was "properly filed" as required by 2244(d)(2) to toll the one-year limitations period. However, the circuit court's finding that his filing of the September 14, 1993 application was not a "a manner of proceeding" contemplated by the procedures set forth in the West Virginia Code does not address the merits of his application, but rather the procedure and form through which his application was filed with the Court.

Also, the order entered by the circuit court on September 14, 1993 clearly characterized Thomas's application and motion as solely a request for appointment of counsel. Specifically, the circuit court stated:

> After reviewing the materials submitted by Mr. Thomas, the Court is of the opinion that Bruce Thomas has not complied with the statutory scheme contained in W.Va. Code 53-4A-1 et seq. Specifically, he has not tendered a petition of any sort setting forth grounds for relief or specifying the relief thought to be justified. Instead, he has merely requested appointment of counsel to assist him in <u>initiating</u> a post-conviction habeas corpus petition. With particular reference to W.Va. Code 53-4A-2 and 4, the Court notes that this manner of proceeding is

not contemplated by the procedures set forth in those sections.

(emphasis added). Therefore, Thomas's claim that the Court made a determination on his allegations, and granted his motion for appointment of counsel because he had filed a sufficient petition, is incorrect. The circuit court granted Thomas's request for appointment of counsel to assist him in determining if he had sufficient grounds for relief in habeas corpus to expedite post-conviction proceedings which it foresaw as inevitable. Simply, the circuit court provided Thomas with counsel to assist in filing a formal petition instead of waiting until Thomas filed a pro se petition and then sought counsel to assist in filing an amended petition.

In its September 14, 1993 Order, the circuit court provided specific directions as to the procedure that Thomas and his counsel should follow in submitting a petition to the court. Specifically, it directed Thomas and his counsel to complete the "Checklist of Grounds For Post-Convictions Habeas Corpus Relief" in connection with any petition they intended to file. Had the Court determined that Thomas's application was properly filed, it would have directed the attorney appointed to assist Thomas in filing an amended petition to ensure that he had not waived any grounds

applicable to his petition because Thomas had failed to complete or execute the checklist attached to his September 14, 1993 application.

Thomas is correct that the circuit court ordered his "Application and Motion for the Appointment of Counsel" to proceed in <u>forma</u> <u>pauperis</u>, and that his affidavit in support of such motion be filed. However, those documents were filed under Thomas's felony case number and were not filed under a new case number for a habeas petition. Therefore, the application and motion filed by Thomas on September 14, 1993, were recognized as part of the original proceeding in which the defendant was sentenced, and not as a new collateral post-conviction proceeding. Clearly, Thomas did not "properly file" an application for post-conviction habeas corpus relief as required by 28 U.S.C. §2244(d)(2) to toll the one-year limitations period.

Thomas asserts that, even if this Court finds that his application was not properly filed, it should apply principles of equitable tolling to the one-year limitations period in this case. The Fourth Circuit recognizes that the time limit to file a § 2254 petition is a statute of limitations; therefore, it is subject to equitable modifications such as equitable tolling. <u>Harris v. Hutchinson</u>, 209 F.3d at 328-29. The doctrine of equitable tolling

has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id. A petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Thomas specifically stated that, in allowing approximately 50 months to elapse between his filing of the September 14, 1993 application and the November 3, 1997 petition for writ of habeas corpus, he detrimentally relied on circuit court's departure from the state rules and procedure by appointing habeas counsel prior to the filing of the application. The circuit court's order, however, was an attempt to expedite the post-conviction proceedings for Thomas by providing him with counsel to assist him with filing his initial petition with the state court instead of appointing counsel once Thomas had filed a pro se petition that would likely need to be amended. Furthermore, Thomas fails to assert any extraordinary circumstances beyond his control that prevented him from filing his

§2254 petition in federal court in a timely manner. Accordingly, no basis exists on which to equitably toll the statute of limitations in this case. Therefore, the Court finds Thomas's § 2254 petition to be untimely.

Additionally, the Court notes that Thomas also filed a motion for abeyance. In light of the Court's ruling on his § 2254 petition, the Court **DENIES AS MOOT** Thomas's motion for abeyance.

### III. CONCLUSION

Thomas's § 2254 petition is untimely and cannot be salvaged by equitable tolling principles. Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety, **DENIES** all of Thomas's pending motions, **GRANTS** the respondent's motion to dismiss, **DISMISSES WITH PREJUDICE** Thomas's case and **ORDERS** that it be stricken from the Court's docket.

The Clerk is directed to transmit copies of this Order to the petitioner and all appropriate agencies.

DATED: December __23__, 2005

*Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE